UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID W. NAIL, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>WILLIAM K. WILSON, )<br>)<br>Respondent ) | CAUSE NO. 1:08-CV-106 RM |

OPINION AND ORDER

David W. Nail, a *pro se* prisoner, filed this amended habeas corpus petition (docket # 13) and a supplement (docket # 8) challenging his 720-day loss of earned credit time in case number WCC 07-11-0643. On December 20, 2007, the Westville Correctional Facility Disciplinary Hearing Board found him guilty of A-100 for violating a federal, state or local law. This petition attempts to present eight grounds, but not all of them have been presented to the Final Reviewing Authority. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ." Moffat v. Broyles, 288 F.3d 978, 982 (7th Cir. 2002). Because this petition contains both exhausted and unexhausted claims, it is a mixed petition. "[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005).

> Accordingly, we imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court

to present the unexhausted claims to that court in the first instance.

Rhines v. Weber, 544 U.S. 269, 274 (2005).

Though Rhines continues at some length to explain how to apply the "total exhaustion" rule in light of AEDPA's 1-year statute of limitation, this is a prison disciplinary habeas corpus proceeding, so there is no statute of limitation. *See* Cox v. McBride, 279 F.3d 492, 493-494 (7th Cir. 2002). Therefore this mixed petition must be dismissed so that Mr. Nail may attempt to present his unexhausted grounds in a State forum. Alternatively, he could simply bring a new habeas corpus case in this court which contained only exhausted claims. Either way, this case must be dismissed.

For the foregoing reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

ENTERED: July  11 , 2008

                                         /s/ Robert L. Miller, Jr.
                                         Chief Judge
                                         United State District Court